**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| **JOHN COLIN COLLETTE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. |
| | ) | |
| | ) | |
| **HOLY FAMILY PARISH and,** | ) | |
| **THE ARCHDIOCESE OF CHICAGO,** | ) | |
| | ) | |
| | ) | |
| Defendants. | | |

## COMPLAINT

NOW COMES Plaintiff, JOHN COLIN COLLETTE, by and through his attorneys, LAVELLE LAW LTD., and for his Complaint against HOLY FAMILY PARISH and THE ARCHDIOCESE OF CHICAGO states as follows:

### Nature of the Suit

1. Plaintiff brings this Complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, *et. seq,* the Illinois Human Rights Act, 775 ILCS 5/2 *et. seq*, and the Cook County Human Rights Ordinance, Sec. 42-30, for employment discrimination based on sex, sexual orientation, and marital status.

### Jurisdiction and Venue

2. Jurisdiction is conferred on this Court pursuant to 28 USC §1331 in that the matter arises under federal law, specifically Title VII of the Civil Rights Act, 42 U.S.C §2000, *et. seq.* This Court has supplemental jurisdiction under Plaintiff's state law and local ordinance claims pursuant to 28 U.S.C § 1367.

3. The Equal Employment Opportunity Commission investigated Plaintiff's claim of discrimination and issued a "Right to Sue Letter" authorizing Plaintiff to proceed in this Court. (Ex. A).

4. Venue is proper in this Court pursuant to 28 U.S.C 1391(b) because the facts and events giving rise to Plaintiff's claim occurred within this judicial district.

## The Parties

5. Defendant HOLY FAMILY PARISH (HOLY FAMILY) is a Roman Catholic parish and church operating out of the ARCHDIOCESE OF CHICAGO. HOLY FAMILY is located at 2515 Palatine Road in Inverness, Illinois. HOLY FAMILY is an employer within the meaning of Title VII, the Illinois Human Rights Act, and the Cook County Human Rights Ordinance.

6. Defendant THE ARCHDIOCESE OF CHICAGO (THE ARCHDIOCESE) is a Roman Catholic religious organization located at 835 N. Rush Street in Chicago, Illinois 60611. THE ARCHDIOCESE is an employer within the meaning of Title VII, the Illinois Human Rights Act, and the Cook County Human Rights Ordinance.

7. Plaintiff JOHN COLIN COLLETTE ("COLIN COLLETTE") is a gay male formerly employed with Defendants. Plaintiff resides at 1801 W. Lunt Avenue, Unit A, in Chicago, IL 60626. Plaintiff is an employee within the meaning of Title VII, the Illinois Human Rights Act, and the Cook County Human Rights Ordinance.

## Underlying Facts

8. COLIN COLLETTE was employed by Defendants THE ARCHDIOCESE and HOLY FAMILY PARISH in Inverness, Illinois for 17 years before he was terminated on July 27, 2014.

9. COLIN COLLETTE had concurrent titles of Director of Worship and Director of Music while employed with Defendants, but he was not responsible for planning the liturgy or selecting the music played during masses and services at HOLY FAMILY PARISH.

10. COLIN COLLETTE never selected nor approved music for masses for HOLY FAMILY PARISH.

11. The music played during masses was selected by HOLY FAMILY PARISH's Music Selection Committee, which comprised HOLY FAMILY PARISH parishioners, who made recommendations for music sections for approval by HOLY FAMILY PARISH pastor REVEREND TERENCE KEEHAN ("KEEHAN").

12. COLIN COLLETTE never planned the liturgy for masses at HOLY FAMILY PARISH.

13. The planning for the liturgy for masses at HOLY FAMILY PARISH was performed by the HOLY FAMILY PARISH Liturgy Planning and Preparation Committee, which comprised HOLY FAMILY PARISH parishioners, who made recommendations for liturgy for masses and other services, and their selections were approved by KEEHAN.

14. The meetings of the Music Selection Committee and the Liturgy Planning and Preparation Committee were convened, planned and led by HOLY FAMILY PARISH parishioners, not COLIN COLLETTE.

15. COLIN COLLETTE worked for Defendants for nearly two decades without incident and he always met or exceeded the expectations of his employer.

16. Shortly prior to his termination, Defendants HOLY FAMILY PARISH and THE ARCHDIOCESE, through their agents, learned that COLIN COLLETTE was engaged to and intended to marry his same-sex partner.

17. Shortly prior to his termination and after learning of COLIN COLLETTE's intent to engage in a same-sex marriage, KEEHAN asked COLIN COLLETTE for his resignation.

18. COLIN COLLETTE refused to resign and was terminated shortly thereafter on July 27, 2014.

19. COLIN COLLETTE was shown emails from THE ARCHIODESE's Cardinal Francis George ("Cardinal George") indicating that his termination was the result of his entering into a "non-sacramental marriage."

20. On October 22, 2014, a statement by Cardinal George published by HOLY FAMILY's weekly church bulletin stated that COLIN COLLETTE had been terminated due to his "participation in a form of union that cannot be recognized as a sacrament by the Church."

21. The Defendants currently employ many heterosexuals that have entered "non-sacramental" marriages that were not sanctioned by the Catholic Church.

22. The Defendants currently employ many women that have become engaged to and eventually married men in both traditional Catholic marriages and in marriages not sanctioned by the Catholic Church.

23. The Defendants currently employ many gay and lesbian employees who have not married same-sex partners.

24. COLIN COLLETTE was terminated because of his sex, sexual orientation, and marital status.

**COUNT I**
**SEX DISCRIMINATION UNDER TITLE VII**

25. Plaintiff COLIN COLLETTE re-alleges and incorporates paragraphs 1-24 as paragraph 25 of Count I of his Complaint.

26. Defendants engaged in unlawful employment practices as defined in Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000, *et. seq,* when they discriminated against COLIN COLLETTE because of his sex.

27. COLIN COLLETTE's sex was a motivating factor in his termination.

28. COLIN COLLETTE was meeting all legitimate job expectations when he was terminated.

29. COLIN COLLETTE was treated less favorably than other similarly situated employees when it was discovered that he was engaged to and intended to marry a man.

30. Defendants employ many similarly situated females that have become engaged to and eventually married men in both traditional Catholic marriages and in marriages not sanctioned by the Catholic Church.

31. Defendants discriminated against COLIN COLLETTE on the basis of his sex.

32. Defendants' discriminatory conduct was intentional, willful and wanton.

33. As a result of the Defendants' unlawful discrimination in violation of Title VII, COLIN COLLETTE suffered economic damages of salary and fringe benefits as well as non-economic damages of severe emotional distress and mental anguish.

34. COLIN COLLETTE is entitled to recover damages from Defendants.

WHEREFORE, Plaintiff COLIN COLLETTE prays that this Court render judgment in his favor and award the following damages:

A. Reinstatement;

B. Back Pay;

C. Front Pay;

D. Fringe Benefits;

E. Compensatory Damages;

F. Punitive Damages;

G. Attorney fees and costs.

## COUNT II
## SEX, SEXUAL ORIENTATION, AND
## MARITAL STATUS DISCRIMINATION UNDER THE ILLINOIS HUMAN RIGHTS ACT.

35. Plaintiff COLIN COLLETTE re-alleges and incorporates paragraphs 1-24 as paragraph 35 of Count II of his Complaint.

36. Defendants engaged in unlawful employment practices as defined under the Illinois Human Rights Act, 775 ILCS 5/2 *et. seq,* when they discriminated against COLIN COLLETTE because of his sex, sexual orientation, and marital status.

37. COLIN COLLETTE's sex, sexual orientation and marital status were motivating factors in his termination.

38. COLIN COLLETTE was meeting all legitimate job expectations when he was terminated.

39. COLIN COLLETTE was treated less favorably than other similarly situated employees when it was discovered that he was engaged to and intended to marry a man.

40. Defendants employ many similarly situated females that have become engaged to and eventually married men in both traditional Catholic marriages and in marriages not sanctioned by the Catholic Church.

41. Defendants employ many similarly situated heterosexuals that have entered into "non-sacramental" marriages that were not sanctioned by the Catholic Church.

42. The Defendants currently employ many gay and lesbian employees who have not married same-sex partners.

43. Defendants discriminated against COLIN COLLETTE on the basis of his sex, sexual orientation, and marital status.

44. Defendants' discriminatory conduct was intentional, willful and wanton.

45. As a result of the Defendants' unlawful discrimination in violation of the Illinois Human Rights Act, COLIN COLLETTE suffered economic damages of salary and fringe benefits as well as non-economic damages of severe emotional distress and mental anguish.

46. COLIN COLLETTE is entitled to recover damages from Defendants.

WHEREFORE, Plaintiff COLIN COLLETTE prays that this Court render judgment in his favor and award the following damages:

A. Reinstatement;

B. Back Pay;

C. Front Pay;

D. Fringe Benefits;

E. Compensatory Damages;

F. Punitive Damages;

G. Attorney Fees and Costs.

### COUNT III
### SEX, SEXUAL ORIENTATION, AND
### MARITAL STATUS DISCRIMINATION
### UNDER THE COOK COUNTY HUMAN RIGHTS ORDINANCE

47. Plaintiff COLIN COLLETTE re-alleges and incorporates paragraphs 1-24 as paragraph 47 of Count III of his Complaint.

48. Defendants engaged in unlawful employment practices as defined under the Cook County Human Rights Ordinance Sec. 42-30 and Sec. 42-35, when they discriminated against COLIN COLLETTE because of his sex, sexual orientation, and marital status.

49. COLIN COLLETTE's sex, sexual orientation and marital status were motivating factors in his termination.

50. COLIN COLLETTE was meeting all legitimate job expectations when he was terminated.

51. COLIN COLLETTE was treated less favorably than other similarly situated employees when it was discovered that he was engaged to and intended to marry a man.

52. Defendants employ many similarly situated females that have become engaged to and eventually married men in both traditional Catholic marriages and in marriages not sanctioned by the Catholic Church.

53. Defendants employ many similarly situated heterosexuals that entered into "non-sacramental" marriages that were not sanctioned by the Catholic Church.

54. The Defendants currently employ many gay and lesbian employees who have not married same-sex partners.

55. Defendants discriminated against COLIN COLLETTE on the basis of his sex, sexual orientation, and marital status.

56. Defendants' discriminatory conduct was intentional, willful and wanton.

57. As a result of the Defendants' unlawful discrimination in violation of the Cook County Human Rights Ordinance, COLIN COLLETTE suffered economic damages of salary and fringe benefits as well as non-economic damages of severe emotional distress and mental anguish.

58. COLIN COLLETTE is entitled to recover damages from Defendants.

WHEREFORE, Plaintiff COLIN COLLETTE prays that this Court render judgment in his favor and award the following damages:

A. Reinstatement;

B. Back Pay;

C. Front Pay;

D. Fringe Benefits;

E. Compensatory Damages;

F. Punitive Damages;

G. Attorney Fees and Costs.

Dated: March 7, 2016            Respectfully submitted,

COLIN COLLETTE

/s/ Kristina B. Regal

Kerry Lavelle (No.6201522)
Kristina B. Regal (No. 6300647)
Joseph V. Vito (No. 6284193)
LAVELLE LAW, LTD.
501 W. Colfax Street
Palatine, Illinois, 60067
847-705-7555
kmlavelle@lavellelaw.com
kregal@lavellelaw.com
jvito@lavellelaw.com

S:\6751-7000\6868\Pleadings\Complaint-Draft.docx